[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 31, 1990 Date of Application September 10, 1990 Date of Application Filed September 14, 1990 Date of Decision February 27, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Windham Docket No. CR11-67382;
Thomas E. Farver, Esq., Defense Counsel, for Petitioner.
Mark S. Solak, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
After trial by jury, petitioner was convicted of murder in violation of General Statutes § 53a-54a(c); larceny in the second degree in violation of § 53a-119 and § 53a-123(a)(1); CT Page 2675 and larceny in the third degree in violation of § 53a-119 and § 53a-124(a)(1). As a result of such conviction, a sentence of life imprisonment (sixty years) was imposed on the first count. A consecutive sentence of five years was imposed on the second count. A sentence of five years concurrent with the sentence imposed on the second count but consecutive to the sentence imposed on the first count was imposed. Total effective sentence was 65 years.
The facts underlying petitioner's conviction indicate that on July 4, 1989, he stabbed a 59-year-old man causing his death. At the time of the assault, the victim was at home in his own bed. Petitioner then took the victim's car and other personal property.
Petitioner's attorney urged a reduction in sentence. He argued that there was a self defense element to the crime and the killing itself was not heinous. The attorney stated that there was no premeditation and that the knife used was obtained at the scene of the crime. The attorney also pointed out that there was no intent to inflict unneeded pain and that the victim suffered a quick death. Under the circumstances, the attorney argued that petitioner should not have received the maximum sentence for murder plus the additional sentence. He argued that petitioner had a rehabilitative potential, and under the circumstances of the case, the sentence was excessive.
Speaking on his own behalf, petitioner also requested a reduction in sentence. He stated that he was repentent and admitted the mistake that he made in committing the crime. He further stated that he would like the opportunity to dedicate his life to the helping of others.
The state's attorney argued that the sentence was appropriate. The attorney argued that the judge properly considered all of the factors which should have been involved in sentencing of the defendant, a dangerous individual who had caused the death of other people in the past under the same circumstances.
In imposing sentence, the judge who had an opportunity to observe petitioner throughout the trial determined that petitioner's rehabilitative potential was not great and that a long period of incarceration was necessary to protect the CT Page 2676 public.
In this matter, the trial court was obligated to impose sentence on a young man 19 years of age with a serious criminal record, including a violation of probation, assault and robbery, burglary and a delinquency charge involving three counts of murder.
Under the circumstances of this case, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offense, the character of the offender and the need to protect the public from crimes of this nature.
Sentence affirmed.
Purtill, J.
Norko, J.
Stanley, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.